## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: CV –

| | |
|---|---|
| Jeremy Sylvers,<br><br>                  Plaintiff,<br><br>v.<br><br>Northstar Location Services L.L.C.,<br><br>                  Defendant. | **COMPLAINT**<br><br>**WITH JURY TRIAL DEMAND** |

## JURISDICTION

1) Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2) This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## PARTIES

3) Plaintiff Jeremy Sylvers is a natural person who resides in the City of Albertville, County of Wright, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4) Defendant Northstar Location Services L.L.C., (hereinafter "Defendant Northstar") is a foreign corporation and collection agency, headquartered in New York, doing business in Minnesota with its registered office at 4285 Genesee Street, Cheektowaga, New York 14225.  Defendant Northstar is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

-1-

## FACTUAL ALLEGATIONS

5) Sometime prior to December 2006, Plaintiff allegedly incurred a debt for a Household credit card, which is a "consumer debt' as that term is defined by 15 U.S.C. § 1692a(5).

6) Plaintiff's alleged debt for the Household card was transferred to People First Recoveries for collection sometime prior to December 2006.

7) In December 2006, Plaintiff entered into a settlement agreement whereby the debt was forgiven in exchange for Plaintiff releasing any and all claims against People First Recoveries based upon their alleged violations of the Fair Debt Collection Practices Act "FDCPA" 15 U.S.C. 1692 et. seq.

8) After December 2006, Plaintiff had no further legal obligation towards the alleged debt for the Household credit card.

9) However, sometime after December 2006, the alleged debt was transferred, sold or assigned to Defendant Northstar for collection.

10) Then, in a letter dated January 18, 2007, Defendant Northstar demanded payment of $1,000.84 for the same Household credit card account, in violation of 15 U.S.C. 1692e(2)(A).

11) Defendant's January 18, 2007, letter also violated 15 U.S.C. §§ 1692g and 1692e, when it falsely stated the "creditor" was Household Credit when in fact the creditor was Worldwide Asset Purchasing, LLC.

12)     Moreover, because the amount previously being reported on Plaintiff's credit report was $868.00, Defendant's demand of $1,000.84 was in violation of 15 U.S.C. 1692f(1).

13)     Defendant's conduct has caused Plaintiff emotional distress, anxiety and extreme frustration over being repeatedly harassed by Defendant.

## TRIAL BY JURY

14)     Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. §1692 et seq

15)     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16)     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

17)     As a result of Defendant's violations of the FDCPA, Plaintiff has suffered and is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

- That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);
- That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);
- That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- That the Court award actual damages for the emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial; and
- That the Court grant such other and further relief as may be just and proper.


Dated this 27th day of June, 2007.          Respectfully submitted,

By:_s/Thomas J. Lyons, Jr._____

**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:(651) 704-0907
tommycjc@aol.com

*ATTORNEY FOR PLAINTIFF*

-5-

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA       )
                                     ) ss
COUNTY OF _____ )

     I, Jeremy Sylvers, having first been duly sworn and upon oath, deposes and says as follows:

1.  I am the Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


                                       s/Jeremy Sylvers_____
                                       Jeremy Sylvers


Subscribed and sworn to before me
this <u>21</u> day of June, 2007.


s/Carol M. Severson_____
Notary Public